In re Jose Aldoco PEREZ, Individually
and dba Perez Farm Labor
Contractor, Debtor.

UNITED STATES of America, on Behalf
of William E. BROCK, Secretary of La-
bor, and the United States Department
of Labor, Plaintiffs,

v.

Jose Aldoco PEREZ, Individually and
dba Perez Farm Labor Contractor,
Defendant.

Bankruptcy No. 185–02808.
Adv. No. C–86–0350.

United States Bankruptcy Court,
E.D. California.

April 9, 1986.

Donald B. Ayer, U.S. Atty., Sacramento, Cal., Mark St. Angelo, Asst. U.S. Atty., Fresno, Cal., Lauriston H. Long, U.S. Dept. of Labor, Washington, D.C., of counsel, for plaintiff.

Henry D. Nunez, Fresno, Cal., for defendant.

ORDER

ECKHART A. THOMPSON, Bankruptcy Judge.

The United States of America, on behalf of William E. Brock, Secretary of Labor, United States Department of Labor, has filed complaints to determine that the automatic stay provisions of 11 U.S.C. § 362(a) do not apply to certain judicial and administrative enforcement actions brought by the

**368**

Secretary against debtor, Jose Aldoco Perez, and co-respondent J. Guadalupe Perez Aldoco, each individually and doing business as Perez Farm Labor Contractor (collectively, "respondents").

The judicial enforcement action in question is a civil action filed by the Secretary against respondents on July 11, 1985, in the U.S. District Court for the Eastern District of California (No. CV–F–85–389 EDP) in which the Secretary seeks to enjoin respondents from violating the minimum wage and record keeping provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), and in addition to recover back wages and liquidated damages resulting for alleged statutory violations.

There are two administrative enforcement actions brought by the Secretary (One on February 15, 1985, and the other on July 11, 1985) against respondents under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. 1801, *et seq.* ("MSPA") in which the Secretary seeks to establish the existence of the violations alleged to have occurred and to determine the appropriate civil money penalty which should be imposed for said violations.

Respondents each filed voluntary petitions in bankruptcy under Chapter 13 on October 30, 1985, which proceedings are currently pending before this court.

The court, having considered the memoranda filed herein by the parties and having heard argument from counsel on April 8, 1986, and for sufficient cause appearing, concludes that the relief requested by the United States is appropriate, wherefore,

IT IS ORDERED THAT:

■ (a) The Secretary's pending judicial action as against debtor under the FLSA is an action within the scope and meaning of 11 U.S.C. § 362(b)(4), and thus is not covered by the automatic stay provisions of 11 U.S.C. § 362(a), and the Secretary is permitted to continue and maintain said action up to and including entry of final judgment; provided, however, that any attempts to collect any money judgment which might be rendered in that action shall not be pursued except through debtor's bankruptcy proceeding; and

■ (b) Both of the Secretary's pending administrative MSPA proceedings are in the nature of governmental police or regulatory actions within the meaning of 11 U.S.C. § 362(b)(4) and thus are not subject to the automatic stay provisions of 11 U.S.C. § 362(a) to the extent civil money penalties may be assessed in those proceedings; provided, however, that the determination of whether any such civil money penalties are nondischargeable or may be collected outside these bankruptcy proceedings shall be subject to further order of this Court.